HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROGRESSIVE INTERNATIONAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AMGTM LLC and CUC DISTRIBUTORS LLC,<br><br>Defendants. | CASE NO. C17-448 RAJ<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion to Seal. Dkt. # 47. Plaintiff seeks to file under seal certain documents produced by Defendant, AMGTM LLC and designated as "CONFIDENTIAL." Dkt. # 47 at 1. Plaintiff attaches these documents as exhibits to its summary judgment motion. Dkt. ## 46, 48.

"There is a strong presumption of public access to the court's files." Western District of Washington Local Civil Rule ("LCR") 5(g). "Only in rare circumstances should a party file a motion, opposition, or reply under seal." LCR 5(g)(5). Normally the moving party must include "a specific statement of the applicable legal standard and the

ORDER- 1

reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B).

However, where parties have entered a stipulated protective order governing the exchange in discovery of documents that a party deems confidential, "a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion." LCR 5(g)(3). A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted). For dispositive motions, the presumption may be overcome by demonstrating "compelling reasons." *Id.*; *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1135-36 (9th Cir. 2003).

Plaintiff takes no position on the appropriateness of keeping these documents under seal, other than to observe that Defendant designated these documents "CONFIDENTIAL" during discovery. Dkt. # 47. Despite this Court's Order to obtain substitute counsel two months ago (Dkt. # 45), Defendant apparently has not done so, and has not filed any response to Plaintiff's Motion to Seal. The Court has reviewed the documents Plaintiff seeks to file under seal, and cannot readily determine the basis for keeping this information out of the public record. Dkt. # 48. Accordingly, Defendant, as the party designating these documents, has not met its burden to provide a "specific statement" articulating why these documents should be kept under seal. LCR 5(g)(3). Neither party has provided any compelling reason to depart from the "strong presumption of public access to the court's files." LCR 5(g).

The Court accordingly **DENIES** Plaintiff's Motion to Seal. Dkt. # 47. **Defendant shall have twenty-one (21) days from the date of this Order to explain to this Court**

**why these documents should be kept under seal**.  If Defendants fail to make such a showing, the Clerk is directed to unseal Dkt. # 48.

Additionally, the Court directs Plaintiff to ensure that Defendant is in receipt of this Order.

Dated this 14th day of August, 2018.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge